## JESSE M. ROSS v. STATE.

No. A-5366. Opinion Filed Dec. 15, 1925.
(241 Pac. 502.)

I. E. Hill, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   On an information charging that in Cimarron county, August 27, 1924, he did "unlawfully have and keep in his possession a certain still worm, which after being set up may be used in the production of distilled spirits, to wit, whisky," Jesse M. Ross was tried and convicted and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days.   He has appealed from the judgment rendered upon such conviction.

The evidence shows that a search warrant issued on the affidavit of Ben Cox, sheriff, which affidavit recites that intoxicating liquors are being kept by Jesse Ross. in a certain building situated on section 14, township 1, range 7 E., C. M., in Cimarron county, for the purpose and with the intent of the said Jesse Ross to barter, sell, give away, transport, or otherwise furnish the same in violation of the law.   When the case was called for trial, there was a motion filed on the part of the defendant to suppress the testimony of all persons who aided or assisted in the execution of the search warrant and to exclude from the evidence all property and things seized under said search warrant on the ground that said search warrant was illegal and void; that the same is based upon an affidavit sworn to on information and belief.   A hearing was had upon the motion, and it was overruled.

The sheriff and Carl Eamey, a deputy sheriff, testified that under authority of a search warrant they visited the defendant's home, where they found and seized one still

worm, one-half gallon jug, two small bottles with some whisky therein, one oil burner, and a small quantity of mash, which they found in defendant's house and in a dugout within two or three feet of the house and a still worm in a water tank near the house. All of which testimony was admitted over the objection of defendant.

As a witness in his own behalf, Jesse M. Ross testified that he had lived on the farm for three years with his aged mother, who at the time was visiting at Temple, Okla., and he had just returned from New Mexico, having been absent about 12 days; that one of the barrels found by the officers was a water barrel and the other a swill barrel, having less than a gallon of water in it, and neither barrel had ever been used to ferment mash; that the jug had never contained whisky; that the exhibit called a still worm he never saw before.

Five or six neighbors qualified as character witnesses, and each testified that the defendant's general reputation in that community as to being a law-abiding citizen was good.

An examination of the record discloses that the search warrant was issued in violation of the statutes providing:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized." Section 7012, C. S. 1921.

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort." Section 7013, C. S. 1921.

These provisions safeguard the citizen, in his person, his home, and his property against unreasonable and unlawful search and seizure.

The search of the defendant's home as shown by the

record in this case was an unauthorized trespass, because the affidavit upon which the search warrant issued failed to state that the defendant's residence was a place of public resort. It follows that all the evidence on the part of the state should have been excluded on the defendant's objection, and the motion for a directed verdict should have been sustained.

Having reached this conclusion, it is unnecessary to consider the other errors assigned.

The judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.